## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

**ASA ASADI-OUSELY,**           )

)

)         **CASE NO:**

)

vs.                    )         **JUDGE**

)

**BRIGHAM SLOAN, WARDEN**    )

)         **BRIEF IN SUPPORT OF WRIT**
      Defendant          )         **OF HABEAS CORPUS**

)

)

)

)

)

)

)

)

### STATEMENT OF FACTS

1. In July 2015, Asadi-Ousley was charged in a seven-count indictment including aggravated robbery, rape, felonious assault, and kidnapping.  At the time of the charges, Asadi-Ousley had been in prison for most of the prior six (6) years on a robbery conviction.  He remained incarcerated throughout the preparation and conclusion of his trial.

2. The trial court, based on appellate court directives, vacated the felonious assault charges, but all other charges were affirmed.

3. During the initial trial, the victim testified that a boy she knew as "B" from the neighborhood approached her after midnight on New Year's Eve 2008-9 and asked her if she was alright and then walked her home.

4. At trial, the victim, who waited nearly three (3) full days to report it,  alleged that she was raped earlier that evening by two people who had pulled her into an alley and knocked her out.

1

5. During opponent statements, counsel for Asadi-Ousley told the jury that they would hear through various witnesses that the Asadi-Ousley only "Met the victim on the streets, walked her home, and they both carried on from that point".

6. At the conclusion of the Prosecution's case in chief, consisting significantly of a DNA expert who testified that Appellant's DNA was present in the victim's rape kit, Defense counsel for Asadi-Ousley simply rested. No objection, or even mention, was made by defense counsel that the semen sample was collected three (3) days after the alleged rape, and then the rape kit sat for nearly six (6) years before it was tested.

7. Despite the promise made in his opening statement, Asadi-Ousley's Defense lawyer presented no evidence, no witnesses, and did not object to the introduction of any of the Prosecution's offered exhibits.

8. The jury found Defendant Asadi-Ousley guilty, which was a certainty given no countervailing evidence from the defense. Then Defendant was advised by his Defense counsel to waive his right to a jury trial on the inclusion of a sexual predator specification prior to his sentencing hearing. Petitioner had no prior violent convictions that would have supported a violent sexual predator mark on his charges, and there was virtually no evidence at the three days later report of rape of any violence to the victim beyond the act of rape itself.

## **GROUNDS FOR RELIEF**

1. Petitioner Asadi-Ousley was denied his right to effective assistance of Counsel guaranteed via the Sixth and Fourteenth Amendments when his Defense attorney at trial failed to offer any evidence, present any witnesses, and did not object to the introduction of any of the Prosecution exhibits.

The United States Supreme Court established the two-prong test for establishing a claim of ineffective assistance of counsel stating that:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a

defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The first prong regarding counsel's deficient performance has been expanded upon in recent years. Deficient performance by Defense counsel can arise from a failure to seek exclusion of prior offenses and a failure to question or bring alibi witnesses to the stand. *Hewitt-El v. Burgess*, 53 F.4th 969, 981 (6th Cir., 2022). Courts have also found that Counsel's performance was deficient when they failed to challenge DNA and bodily fluid evidence provided by the Prosecution. *Rogers v. Mays*, 43 F.4th 530 (6th Cir., 2022).

Here, Petitioner's Defense Counsel's performance was severely deficient. Despite the existence of several alibi witnesses (who undersigned counsel was able to locate 8 years after the trial), Counsel offered no witnesses to testify to the validity and accuracy of Petitioner's nickname. On this fact alone, alibi witnesses would have shown that Petitioner-Defendant Ousley was commonly referred to by friends and family by the 'nickname' "B". This evidence would have supported the Petitioner-Defendant's assertion that he helped the victim home after midnight on the day of the incident. This coincides with the victim's testimony that a man named "B" helped her home that night. The failure of Petitioner's defense counsel to provide any alibi testimony is a severe deficiency, which directly impacted the Petitioner's right to a fair trial. Defense counsel also refused to allow Petitioner-Defendant to testify.  He could have told his story, which would have paralleled the victim's story,  and then he could have held up his forearm on which is tattoed in red, the letter "B".   Since victim could not recall her attackers, nor identify "B" six years after the incident occurred, testimony from Petitioner's witnesses and his own testimony would have cast serious doubt on his guilt.  Instead, defense rested.

Petitioner's Counsel further erred in his duties when he failed to challenge the sufficiency of any of the evidence or exhibits offered by the prosecution, specifically regarding DNA evidence. As mentioned above, the Sixth Circuit has previously reversed a conviction when Defense Counsel failed to challenge the sufficiency of 'Semen Evidence' offered by the prosecution. *Id* at 552. Expert witness testimony, character witnesses, direct and physical evidence, or any other applicable evidence should have been presented by Petitioner's Defense Counsel at trial but was not. The prosecution's evidence obtained at least six years after the date of the incident should

have been challenged.  Six years is at the outer duration for reliability of a DNA testing kit for a semen sample. Petitioner's counsel should have questioned the expert on this reliability standard. Failure to do so was detrimental to Petitioner's right to a fair trial.

Petitioner asserts that retained Defense Counsel's performance at trial was "grossly ineffective representation by counsel" that rises to the level of a deprivation of the United States Constitution Sixth Amendment guarantee of representation of counsel as applicable to the States under the 14th Amendment to the United States Constitution. The level of ineffective counsel in the instant appeal is extreme.  There was an utter failure of defense counsel to present any defense whatsoever. As stated above, Defense Counsel's opening statement in the trial transcript alluded to the defense of consensual sex with the victim and promised to present witnesses to speak to the issue. But at the close of the Prosecution's case, the Defense rested and presented no witnesses, and no defense.

The fact that a licensed member of the bar is present at trial is not the standard for effective legal representation. The standard is set out in *Porter v. McCollum*, 558 U.S. 30, 130 S. Ct. 447, 175 L. Ed. 2d 398 (2009) where, The United States Supreme Court held that defense counsel's failure to uncover and present during penalty phase any mitigating evidence … was deficient, and Florida Supreme Court's decision that defendant was not prejudiced by such failure was an unreasonable application of federal law, warranting federal habeas relief. The underlying case here is clear that defense counsel failed to uncover and present any mitigating evidence, or any defense whatsoever for that matter. Page 7 of Petitioner's initial Brief filed June 15, 2023, states:

"A boy she recognized from the neighborhood asked her if she was alright and walked her home. She only recalled that he was known in the neighborhood as "B". (Transcript p. 595-6 [1138-9]. [On page 244 [0779]] of the Transcript, during opening statements, Defendant/Appellant's counsel told the jury that Defendant met her "on the streets, walked her home and they carried on from that point. You will hear it through the various witnesses." At the conclusion of the Prosecution's case in chief, defense counsel objected to none of the exhibits offered by the Prosecution, and at the conclusion of the admission of prosecution exhibits, defense counsel rested (Tr. 611) without presenting any witnesses despite his opening statement to the jury that he would do so."

4

In Ohio, the test for showing that a defendant received ineffective assistance of counsel is well settled. The Supreme Court of Ohio has ruled:

"Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *State v. Lytle*, 48 Ohio St.2d 391, 2 O.O. 3d 495, 398 N.E.2d 623; *Strickland v. Washington*, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674], followed. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus."

A failure to mount any defense whatsoever, is the gold standard of ineffectiveness. That standard of ineffectiveness was met here. Defense counsel actually exceeded the gold standard by promising witnesses to the jury during his opening statement and then resting without calling a single witness. Clearly defense counsel, who within a matter of several years from the date of this trial was deemed no longer mentally competent to practice, lost his way at trial and in doing so severely prejudiced his client.

Defense counsel here further prejudiced his client by agreeing to have the violent specification tried by the Court, waiving the right to a jury, and again presenting no defense. There was a dearth of evidence that the victim had faced any violence in the alleged rape which went unreported for three full days and required no treatment or hospitalization.

In closing, Petitioner's Counsel's deficient performance at trial clearly satisfies the two-pronged test laid out in *Strickland*. Petitioner's Counsel's performance was so severely deficient that it resulted in an unfair trial and sentencing. Petitioner's Counsel, in accordance with his duties as an attorney and member of the American Bar Association, should have presented evidence, introduced and questioned both lay and expert witnesses, and asserted a defense for his client. Instead, Petitioner remains incarcerated almost a decade later. Petitioner respectfully asks this court to find that Petitioner-Defendant's Counsel's performance at trial was severely deficient, and thus ended in an unjust result.

Respectfully submitted,

 /s/ Michael Shaut_____
Michael Shaut, OH 0014900
Michael Shaut & Associates
20600 Chagrin Blvd, Ste 407
Shaker Hts, OH 44122
216-471-8489 / mike@shautlaw.com
Attorney For Petitioner