IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ASA ASADI-OUSLEY, | CASE NO. 1:24-CV-01906-CAB |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO<br>UNITED STATES DISTRICT JUDGE |
| v. | |
| BRIGHAM SLOAN, WARDEN | MAGISTRATE JUDGE<br>JENNIFER DOWDELL<br>ARMSTRONG |
| Defendant. | **REPORT AND RECOMMENDATION** |

I.     **INTRODUCTION**

Petitioner, Asa Asadi-Ousley ("Mr. Asadi-Ousley"), through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). This matter was referred to me on April 1, 2025 under Local Rule 72.2 to prepare a report and recommendation on Mr. Asadi-Ousley's petition. (*See* ECF non-document entry dated April 1, 2025).

Currently before me is the motion of Respondent, Warden Misty Mackey ("Warden"),[1] to transfer Mr. Asadi-Ousley's petition to the Sixth Circuit as a second or successive petition pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A). (ECF No. 5). For the reasons set forth below, I recommend that the Court GRANT the Warden's motion and transfer Mr. Asadi-Ousley's petition to the Sixth Circuit. I also recommend that the Court substitute Warden Misty Mackey as the respondent for Warden Brigham Sloan.

---

[1] Mr. Asadi-Ousley named Warden Brigham Sloan as the respondent. In the motion to transfer, respondent states that Mr. Asadi-Ousley is currently incarcerated at Lake Erie Correctional Institution, and that Warden Misty Mackey is the warden of that institution, and thus the proper respondent in this proceeding. Mr. Asadi-Ousley concedes that Warden Mackey is the proper respondent. I therefore recommend that the Court substitute Warden Misty Mackey for Warden Brigham Sloan as the respondent in this proceeding.

1

II.     **PROCEDURAL BACKGROUND**

    A. <u>**State Court Conviction and Direct Appeal**</u>

On January 11, 2016, Mr. Asadi-Ousley was convicted in the Cuyahoga County Court of Common Pleas on two counts of rape, one count of felonious assault, and two counts of kidnapping. (ECF No. 5-1, Exhibit 4). On February 17, 2016, the trial court sentenced Mr. Asadi-Ousley to an aggregate term of 15 years to life. (ECF No. 5-1, Exhibit 5).

Mr. Asadi-Ousley timely appealed to the Ohio Court of Appeals for the Eighth District ("Eighth District"). (ECF No. 5-1, Exhibit 7). In his appellate brief, Mr. Asadi-Ousley raised several assignments of error, including that he received the ineffective assistance of trial counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. (ECF No. 5-1, Exhibit 8). In particular, Mr. Asadi-Ousley argued that his trial counsel was ineffective because counsel failed to argue that Mr. Asadi-Ousley's convictions for rape, felonious assault, and kidnapping were allied offenses of similar import and should have merged for purposes of sentencing. *Id*.

On May 4, 2017, the Eighth District affirmed Mr. Asadi-Ousley's conviction but reversed his sentence, holding that his rape and kidnapping convictions were allied offenses of similar import and should have merged at sentencing. (ECF No. 5-1, Exhibit 10). Both parties moved for reconsideration, and the State also moved for *en banc* review. (ECF No. 5-1, Exhibits 11-12). On August 17, 2017, the Eighth District denied Mr. Asadi-Ousley's motion for reconsideration but granted the State's motion and vacated its prior opinion. (ECF No. 5-1, Exhibits 14-15). The court issued a new opinion affirming Mr. Asadi-Ousley's conviction and sentence in full. (ECF No. 5-1, Exhibit 17). Mr. Asadi-Ousley timely appealed to the Ohio Supreme Court. (ECF No. 5-1, Exhibit 24). On January 31, 2018, the Ohio Supreme Court declined to accept jurisdiction over the appeal. (ECF No. 5-1, Exhibit 27).

### B. Petition for Postconviction Relief

On April 15, 2016, while his direct appeal was pending, Mr. Asadi-Ousley filed a *pro se* petition in the trial court for postconviction relief pursuant to O.R.C. §§ 2953.21-23. (ECF No. 5-1, Exhibit 28). Among other things, Mr. Asadi-Ousley argued that he received the ineffective assistance of trial counsel because counsel erroneously advised him that he could not seek dismissal of the indictment on the basis that his right to a speedy trial had been violated. On June 10, 2016, the trial court denied Mr. Asadi-Ousley's petition. (ECF No. 5-1, Exhibit 32). Mr. Asadi-Ousley timely appealed. (ECF No. 5-1, Exhibits 35). On March 16, 2017, the Eighth District affirmed. (ECF No. 5-1, Exhibit 46). Mr. Asadi-Ousley appealed to the Ohio Supreme Court, which declined to accept jurisdiction over the appeal. (ECF No. 5-1, Exhibits 47, 49).

### C. Rule 26(B) Application

On May 16, 2017, Mr. Asadi-Ousley filed a *pro se* application in the Eighth District to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B), arguing that he received the ineffective assistance of appellate counsel. (ECF No. 5-1, Exhibit 50). Among other arguments, Mr. Asadi-Ousley contended that his appellate counsel was ineffective for failing to argue that Mr. Asadi-Ousley was denied his right to counsel at trial because his trial counsel had vision issues and was effectively legally blind. On September 22, 2017, the Eighth Appellate District denied Mr. Asadi-Ousley's application with respect to his counsel's vision issues, but granted it with respect to Mr. Asadi-Ousley's separate argument that his appellate counsel was ineffective in failing to argue that his trial counsel should have moved to dismiss the felonious assault charge as time-barred. (ECF No. 5-1, Exhibit 53). On November 1, 2018, the Eighth Appellate District vacated Mr. Asadi-Ousley's conviction for felonious assault. (ECF No. 5-1, Exhibit 58). The Eighth Appellate District's opinion did not affect the validity of Mr. Asadi-Ousley's conviction on the other charges. *Id*. On January 7, 2019, the trial court entered an order vacating Mr. Asadi-Ousley's conviction for felonious assault. (ECF No. 5-1, Exhibit 59).

### D. First Federal Habeas Petition

On or about November 16, 2018, Mr. Asadi-Ousley filed his first § 2254 habeas petition in this Court, in a case captioned *Asadi-Ousley v. Sloan*, Case Number 1:18-cv-2269-CAB. (ECF No. 5-1, Exhibit 60). Mr. Asadi-Ousley asserted ten grounds for relief, including multiple ineffective assistance of counsel claims. In particular, he argued that his counsel was ineffective because counsel: (1) failed to argue that Mr. Asadi-Ousley's convictions should have merged at sentencing; and (2) failed to move to dismiss the indictment on speedy trial grounds.

On February 10, 2022, Magistrate Judge William H. Baughman, Jr. issued a report and recommendation recommending that the Court dismiss some of Mr. Asadi-Ousley's claims and deny the remainder on the merits. (ECF No. 5-1, Exhibit 61). On March 8, 2022, the Court adopted Magistrate Judge Baughman's report and recommendation and dismissed in part and denied in part Mr. Asadi-Ousley's petition. (ECF No. 5-1, Exhibit 62). Mr. Asadi-Ousley appealed to the Sixth Circuit (ECF No. 5-1, Exhibit 64), which denied him a certificate of appealability on August 17, 2022 (ECF No. 6-1, Exhibit 65).

### E. Motion for Relief from Judgment

On March 24, 2023, Mr. Asadi-Ousley, through counsel, filed a motion in the trial court for relief from judgment pursuant to O.R.C. § 2941.401. (ECF No. 5-1, Exhibit 66). In his motion, Mr. Asadi-Ousley argued for the first time that his trial counsel was ineffective because his counsel did not present any defense; was suspended from practicing law a year after Mr. Asadi-Ousley's trial; now suffered from dementia; and had lost his license to practice law.

On April 24, 2023, the trial court denied Mr. Asadi-Ousley's motion. (ECF No. 5-1, Exhibit 67). Mr. Asadi-Ousley timely appealed to the Eighth District. (ECF No. 5-1, Exhibit 68). In his appellate brief, Mr. Asadi-Ousley raised several assignments of error, including that his trial counsel was ineffective in failing to present a defense or any mitigating evidence. (ECF No. 5-1, Exhibit 72). On November 30, 2023, the Eighth Appellate District affirmed, holding, among other

4

things, that Mr. Asadi-Ousley's ineffective assistance of counsel claim was barred by res judicata because he could have raised the claim on direct appeal. (ECF No. 5-1, Exhibit 75). Mr. Asadi-Ousley appealed to the Ohio Supreme Court, which declined to accept jurisdiction over the appeal. (ECF No. 5-1, Exhibits 77, 80).

### F. Second Federal Habeas Petition

On October 31, 2024, Mr. Asadi-Ousley, through counsel, filed the present § 2254 habeas petition. (ECF No. 1). Mr. Asadi-Ousley asserts a single ground for relief, arguing that he was "denied his right to effective assistance of counsel as his attorney (who promptly left the practice with dementia) presented no witnesses or defense whatsoever." *Id*. at PageID # 5). On May 16, 2025, the Warden filed a motion to transfer Mr. Asadi-Ousley's petition to the Sixth Circuit pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A). (ECF No. 5). Mr. Asadi-Ousley filed an opposition to the Warden's motion on May 22, 2025. (ECF No. 6).

### III. ANALYSIS

§ 2244(b)(2), as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides that a claim presented in a "second or successive" habeas petition that was not presented in a prior petition "shall be dismissed" unless: (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) the petitioner could not have discovered the factual predicate for the claim previously through the exercise of due diligence and the facts underlying the claim, if proven, would establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty absent the constitutional error. 28 U.S.C. § 2244(b)(2)(A)-(B).

§ 2244(b)(3) further provides that, before a petitioner may file a second or successive petition in the district court, he or she must file a motion in the court of appeals for that district for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). "When a petitioner

ignores this provision and files a 'second or successive' application in the district court without authorization, the district court lacks jurisdiction to hear the petitioner's claims." *Askew v. Bradshaw*, 636 F. App'x 342, 346 (6th Cir. 2016) (citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)). Accordingly, the Sixth Circuit has held that, "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

While this is Mr. Asadi-Ousley's second federal habeas petition, that does not mean that his petition necessarily is second or successive, as it is "well settled" that the phrase "second or successive" "does not simply 'refe[r] to all § 2254 applications filed second or successively in time[.]'" *Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)). Rather, "the Supreme Court has carved out three circumstances when a petition is second in time but isn't 'second or successive.'" *In re Hill*, 81 F.4th 560, 568 (6th Cir. 2023) (en banc).

"First, when a second petition raises a claim that challenges a new state-court judgment— that is, not the one challenged in the first petition—the petition is not 'second or successive.'" *Id*. (citing *Magwood*, 561 U.S. at 339). "Second, a second petition containing a claim—whether presented or not in the first petition—that would have been unripe at the time of the filing of the first petition is not 'second or successive.'" *Id*. (citing *Panetti*, 551 U.S. at 943-45). "Third, when a second petition contains a claim that, though raised in the first petition, was unexhausted at that time and not decided on the merits, the petition is not 'second or successive.'" *Id*. at 568-69 (citing *Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000)). "And when a 'numerically second petition' is not 'second or successive,' it isn't 'subject to the restrictions of 28 U.S.C. § 2244(b).'" *Id*. at 568

6

(quoting *In re Bowen*, 436 F.3d 699, 705-06 (6th Cir. 2006)).

In *Hill*, the Sixth Circuit set forth a series of steps that a court should follow to determine whether a petition is second or successive. First, a court should ask if "the second petition [is] challenging a new judgment or an old judgment[.]" *Hill*, 81 F.4th at 569. "If it's a new judgment, then the petition is not 'second or successive,' and [the court] turn[s] to the merits of the petition." *Id*. If the petition involves an old judgment, the courts asks whether "the claim presented is an old claim or a new claim[.]" *Id*. "If it's an old claim—that is, one that was presented in the first petition—then it's a 'second or successive' petition that must be dismissed under § 2244(b)(1)." *Id*. If the petition involves a new claim, the court asks whether the claim was "either unripe or ruled unexhausted at the time of the first habeas filing." *Id*. If the petition was not unripe or ruled unexhausted, "the petition is 'second or successive,' and the claim must meet the gatekeeping provisions under § 2244(b)(2)(B) to survive." *Id*.

Mr. Asadi-Ousley's petition is second or successive under that test. As an initial matter, he is challenging his original judgment of conviction, the same judgment at issue in his first habeas petition.[2] Mr. Asadi-Ousley is presenting a new claim that he did not present in his initial petition. However, his claim was ripe at the time of his initial petition. Indeed, when Mr. Asadi-Ousley raised his ineffective assistance claim in his state court motion for relief from judgment, the Eighth District held that res judicata barred the claim because Mr. Asadi-Ousley could have raised it in his direct appeal. Finally, the Court did not rule that Mr. Asadi-Ousley's claim was unexhausted when deciding his prior habeas petition.

---

[2] The trial court vacated Mr. Asadi-Ousley's felonious assault conviction on January 7, 2019, after Mr. Asadi-Ousley filed his first habeas petition. (ECF No. 5-1, Exhibit 59). Mr. Asadi-Ousley does not argue that the trial court's order constitutes a "new judgment" such that his petition is not a second or successive petition. And even if Mr. Asadi-Ousley had made that argument, it would fail. The Sixth Circuit held in *Crangle v. Kelly* that a limited resentencing that benefits the petitioner does not constitute a new judgment for purposes of § 2244(b). 838 F.3d 673, 678 (6th Cir. 2016); *see also Freeman v. Wainwright*, 959 F.3d 226, 230 (6th Cir. 2020) ("*Crangle* makes clear that limited resentencings that benefit the prisoner do not disturb the underlying initial judgment, which continues to constitute a final judgment") (quotations omitted). The only effect of the trial court's order was to vacate one of Mr. Asadi-Ousley's convictions, a benefit to him.

7

It is irrelevant that Mr. Asadi-Ousley is relying on facts about his counsel's mental and physical health that allegedly came to light only after his conviction. The Sixth Circuit has rejected on multiple occasions the argument that a claim was unripe at the time of a prior petition simply because the petitioner supports the claim with facts that came to light after the initial petition was filed. *See Hill*, 81 F.4th at 571 (holding that claim was ripe at time of first petition because "the events giving rise to the claim . . . had occurred at the time of the first petition"); *In re Wogenstahl*, 902 F.3d 621, 627-28 (6th Cir. 2018) (holding that *Brady* claim was ripe at time of first petition because predicate act for claim had already occurred when petitioner filed first petition). Here, the basis for Mr. Asadi-Ousley's claim is his counsel's alleged failure to mount any defense at trial. The events giving rise to that claim—the trial itself—occurred long before Mr. Asadi-Ousley filed his initial petition. Mr. Asadi-Ousley's petition is thus second or successive and he must seek permission from the Sixth Circuit before the Court may consider it.

Mr. Asadi-Ousley does not meaningfully dispute any of the foregoing. Instead, he argues that he meets the requirements of § 2244(b)(2)(B) because he is not a lawyer and did not fully apprehend his Sixth Amendment rights at the time of his first *pro se* habeas petition. However, it is for the Sixth Circuit - not this court - to determine whether Mr. Asadi-Ousley has satisfied § 2244(b)(2)(B). *See Hubbard v. Foley*, No. 1:21-cv-00129, 2022 WL 412875, at *13 (N.D. Ohio Jan. 5, 2022) (stating that it is "the court of appeals' gatekeeping role to determine whether an application for permission to file a second or successive habeas corpus petition makes a *prima facie* showing that the application satisfies the requirements of § 2244(b)(2)(B)(i) & (ii)"), *report and recommendation adopted*, 2022 WL 412877 (N.D. Ohio Jan. 19, 2022); *Keith v. Bobby*, No. 1:08 CV 1687, 2008 WL 11451538, at *2 (N.D. Ohio July 18, 2008) ("while the Court recognizes that Keith is asserting that newly discovered evidence is the basis for filing a successive petition, it is without authority to review the merits of the claims raised therein without Sixth Circuit review and

approval"); *Brenson v. Warden, Richland Corr. Inst.*, No. 2:22-cv-1416, 2022 WL 999682, at *5 (S.D. Ohio Apr. 4, 2022) (holding that arguments regarding § 2244(b)(2) factors "must first be presented to the Court of Appeals, rather than the District Court"). Accordingly, I recommend that the Court transfer Mr. Asadi-Ousley's petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

## IV. RECOMMENDATION

Based on the foregoing, I RECOMMEND that the Court GRANT the Warden's motion and transfer Mr. Asadi-Ousley's petition to the Sixth Circuit pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A).

Dated: September 10, 2025

/s Jennifer Dowdell Armstrong
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).